UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
THE JADE FARM LLC

                                                COMPLAINT

                Plaintiffs,

            -against-

DARA MIRAHANGIRY, IVI SHANO,
MILAN LICUL, JOSEPH LICUL,
MARIO CONSTANTINI, DENNIS TURCINOVIC,
GEORGE KARAVIAS, 200 MB CORP.,
200 MB CORP DBA SEI LESS,
DREAM HOSPITALITY GROUP LLC, JOHN
AND JANE DOES.



                Defendants.
-------------------------------------------------------X

      Plaintiffs, THE JADE FARM LLC., for their Complaint against the Defendants, allege as follows:

## I.    NATURE OF THE ACTION

      1.    This is an action for injunctive relief and damages by the owners and operators of a high-end restaurant located on 49 W 20th Street in New York City offering Asian fusion/Chinese cuisine in a refined atmosphere called JUE LAN CLUB (the "JUE LAN" restaurant). Defendants are engaged in operating and promoting a competing restaurant 156 W 38th Street New York City, through theft of trade secrets, deceptive and confusing means, constituting unfair competition in violation of the Lanham Act and common-law, infringement of JUE LAN's proprietary rights, false advertising, misappropriation of trade secrets, purposely sabotaging JUE LAN computer and

1

reservation system (Open Table), violating fiduciary duties owed to JUE LAN, and violation of the Faithless Servant Act.

2. Through Defendants 200 MB CORP, and 200 MB CORP DBA SEI LESS entities recently renamed with new owners added by former employees of the JUE LAN restaurant, specifically DARA MIRAHANGIRY, and IVI SHANO, together with defendants MARIO CONSTANTINI, DENNIS TURCINOVIC, GEORGE KARAVIAS, DREAM HOSPITALITY GROUP LLC, who was formerly the promotors of JUE LAN, and former landlords of JUE LAN South Hampton MILAN LICUL, JOSEPH LICUL, Defendants are promoting, utilizing, JUE LAN client lists, proprietary documents, using JUE LAN vendor account to purchase/order promotional material and have been operating a purported high-end Asian Fusion/Chinese restaurant business under the name "SEI LESS" which as part of their scheme have linked as an affiliated restaurant to JUE LAN on Social Media and OpenTable. According to the promotional material and advertising widely disseminated by Defendants through social media and otherwise SEI LESS claims to be an affiliated restaurant to JUE LAN CLUB implying that it is the same or owned by the same people defrauding clients of JUE LAN. They then purposely attacked JUE LAN's OpenTable account cancelling reservations and preventing clients of JUE LAN from being able to book reservations while simultaneously downloading JUE LAN clientele list.

3. Defendants collectively have widely advertised SEI LESS on Twitter, on their website, OpenTable, Instagram and otherwise, as affiliated with JUE LAN and as a new restaurant by "Brains Behind JUE LAN CLUB," falsely implying that they are an authorized branch or affiliated with JUE LAN restaurant or endorsed by JUE LAN. Among other illegal acts, Defendants have unlawfully used stolen proprietary files and promotional material of the JUE LAN restaurant on their website, https://www.seiless.com without permission, removed files or

2

copied files from JUE LAN, the style and content of JUE LAN's menu, party menu in some cases copying verbatim menu descriptions/designs engaged in a course of conduct designed to confuse the public (adding SEI LESS to the Instagram account and OpenTable account of JUE LAN). Defendants seek to and have engendered confusion that SEI LESS is an authorized restaurant of JUE LAN restaurant in the garment district, with a virtually indistinguishable menu and offering the same dishes and experience as JUE LAN in Manhattan. In fact, SEI LESS is nothing but an unauthorized knock-off, attempting to profit unfairly from the reputation and intellectual property of the Jue Lan restaurant.

4. As more fully explained below, Defendants have thereby engaged, and continue to engage in ongoing efforts to unlawfully mislead, confuse and deceive the public and the clients of the JUE LAN Restaurant, in order to wrongfully misappropriate and convert to themselves, and profit from, the name, reputation, trademarks, client list, and copyrights of Jue Lan, as well as all of the unique, distinctive and special elements that have made the JUE LAN restaurant a success.

5. By reason of the foregoing, Plaintiffs have no choice but to commence this action and to seek preliminary and permanent injunctive relief preventing SEI LESS from operating, in order to protect their vital business interests and the name, reputation and identify of the JUE LAN restaurant, and damages caused by Defendants.

## II. PARTIES

6. Plaintiff THE JADE FARM LLC ("JADE") is a New York limited liability company, which was formed in or about May 2015 to be the owner and operator of the JUE LAN CLUB (JUE LAN) restaurant.

7. Defendant 200 MB CORP. is a New York limited liability company. Upon information and belief, 200 MB CORP was formed in or about May 22, 2014, to own and/or

3

operate a restaurant called Karuma Asian Supper Club at premises located at 156 W 38th Street New York City. Upon information and belief, Karuma Asian Supper Club was a failed restaurant concept. Upon information and belief, 200 MB CORP change the name of Karuma Asian Supper Club to "Jimmy's" on or about September 27, 2016, again another failed restaurant concept. Upon information and belief, 200 MB CORP change the name of Jimmy's to "SEI LESS" on or about November 2021. Upon information and belief, 200 MB CORP dba SEI LESS is owned by all the defendants.

8. Defendants DARA MIRAHANGIRY (DARA), and IVI SHANO (SHANO) are citizens and residents of New York. As discussed below, DARA and SHANO were, former employees of JUE LAN, and as such had access to, company files, and log-in passwords for all social media accounts, and Open table.

9. Upon information and belief Defendants MILAN LICUL (MILAN), and JOSEPH LICUL (LICUL) are citizens and residents of New York. MILAN AND LICUL are also the owners of 268 SH REALTY CORP. the former landlord of JUE LAN South Hampton. Upon information and belief MILAN and JOSEPH met DARA whilst JUE LAN South Hampton was a tenant and aided the scheme as further described below.

10. Upon information and belief Defendant DREAM HOSPITALITY GROUP LLC ("DREAM") is a New York limited liability company formed by MARIO CONSTANTINI, and GEORGE KARAVIAS to operate a promotional company. DREAM was a former promoter of JUE LAN and as such had access to trade secrets of JUE LAN and aided the scheme as further described below.

11. Upon information and belief Defendant, Defendants MARIO CONSTANTINI (MARIO), and GEORGE KARAVIAS (GEORGE) are citizens and residents of New York. As

described further herein, MARIO and GEORGE and aided the scheme as further described below, attached SEI LESS to all social media accounts of JUE LAN giving the false impression to the public that SEI LESS was affiliated with JUE LAN thereby a co-conspirator and a vehicle through which the Defendants have distributed their false, misleading, and infringing promotional materials.

12. Upon information and belief Defendant, Defendants DENNIS TURCINOVIC (DENNIS) is a citizen and residents of New York and one of the owners 200 MB CORP dba SEI LESS and aided the scheme as further described below.

13. Defendants John and Jane Does one through six are fictitious names, which will be amended to reflect the owners of member interests in 200 MB CORP dba SEI LESS or other co-conspirators which the remaining Defendants when their identities become known to Plaintiffs.

### III. JURISDICTION AND VENUE

14. This Court has jurisdiction over the subject matter of this lawsuit under the Defend Trade Secrets Act 18 U.S.C. §1836(b)(1), Lanham Act, 15 U.S.C. §1125, and the Federal Copyright Act, title 17 of the United States Code. Thus, this Court has original federal question jurisdiction pursuant to 28 U.S.C. §1331. This Court also has original jurisdiction over Plaintiffs' claims of unfair competition pursuant to 28 U.S.C. §1338(b), as such claims are joined in this action with substantial and related claims under the trademark laws.

15. This Court may exercise supplemental jurisdiction over all related state law claims under 28 U.S.C. §1367.

16. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because it is a district in which one or more of the defendants reside, and all defendants are residents of the State of New

York and subject to personal jurisdiction in this State, and a substantial part of the events giving rise to the claims herein occurred in this District.

## IV.   GENERAL ALLEGATIONS

**Background**

17. The JUE LAN restaurant was founded in 2015, and owned by the Limited Liability Company, The Jade Farm LLC.  The restaurant was a huge success, combining a fine dining experience and high-end Chinese/Asian-Fusion style food in a modern and sophisticated setting, in the Historic Limelight Building.

18. With its visual design concepts mixed with art and culture JUE LAN was the place to go for Celebrities. Often featured in the Social Media posts of these Celebrities about the amazing experience and the custom street art used inside the restaurant.

19. JUE LAN has built an extensive client base that stayed loyal to JUE LAN through the years and continued through the COVID 19 Pandemic.

20. JUE LAN has developed its own in-house marketing and design that separates JUE LAN for other establishments in the similar field.

21. Upon information and belief, DARA MIRAHANGIRY, began working for JUE LAN in or about December 2015 as a Maître'd. DARA, would interact with the many Celebrities that would frequent JUE LAN.

22. DARA eventually earned the trust of JUE LAN and was given more responsibility at the restaurant. DARA was eventually given the passwords for the "OpenTable" account for JUE LAN for the purpose of back-end reports.

23. OpenTable is an online restaurant-reservation service company. Restaurants use the company's back-end software to process the reservations made on the website, resulting in a

6

real-time reservation system for both diners and restaurants. Approximately 90% of all reservations at JUE LAN are booked through Open Table.

24. Upon information and belief, IVI SHANO began working for JUE LAN in or about June 2016 as a waiter. SHANO, would interact with the many clients that would frequent JUE LAN, and would book private events.

25. SHANO eventually earned the trust of JUE LAN and was given more responsibility at the restaurant. SHANO, under the guidance of Robert Collins was eventually given the passwords for the "Social Media" accounts for JUE LAN for the purpose of promoting and posting on the account. SHANO was further educated by Collins on the exclusive marketing material designed by Collins as a Founder of JUE LAN. SHANO had access to Jue Lan electronic files which he later pirated from JUE LAN and is still using those files today at SEI LESS. SHANO, prior to leaving JUE LAN, sabotaged the private party business, by purposely telling customers that JUE LAN was fully booked when it wasn't, refused to respond to customers, and under information and belief, stole the private party clients for SEI LESS.

26. Upon information and belief, DREAM HOSPITALITY GROUP LLC (herein after "DREAM" was retained by JUE LAN to promote a brunch event at JUE LAN in the years 2017-2019. At this time the members of DREAM, MARIO CONSTANTINI (MARIO), and GEORGE KARAVIAS (GEORGE) met with both DARA and SHANO.

**Defendants Misappropriate Jue Lan's Trade Secrets**

27. The unique experience of the JUE LAN restaurant is accomplished through specially developed theme, décor, recipes, methods, processes, and techniques, which relate not only to the preparation and presentation of the food and menu, but to the look and feel of a modern dining room. This compilation of processes, décor, methods and techniques was painstakingly

developed by the JUE LAN restaurant over a period of several years since its opening in 2015. These processes, methods, techniques, and styles developed a large clientele list of persons. The strategic marketing, pricing, documents/electronic files, and the Clientele list constitute trade secrets of JUE LAN.

28. As discussed further below, SEI LESS and the Defendants have misappropriated the electronic files and the clientele lists, in certain instances, going so far as to keeping the file name "Jue Lan Room Flyer" and having JUE LAN's dining room photo appear, when printing material from the SEI LESS website. They further use of the JUE LAN name in all their publication.

29. Upon information and belief, DARA, SHANO, MILAN, LICUL, MARIO, DENNIS, and GEORGE, hatched their scheme to rip off the JUE LAN restaurant style, theme, trade-secrets, décor, intellectual property, purposely sabotaging JUE LAN computer and reservation system (OpenTable), at some point when DARA was refused ownership at JUE LAN and when MILAN, LICUL's separate restaurant in Manhattan, called Jimmy's, began to fail.

30. Upon information and belief, the scheme was multi folded. On or about December 2021, DARA unlawfully gave access to MARIO and SHANO to JUE LAN's Open Table. SHANO then proceeded to download the exclusive clientele list of JUE LAN. Once having access to the OpenTable account MARIO attached SEI LESS to JUE LAN, giving the impression to people that the restaurants were connected/affiliated. At around or about the same time that DARA gave access to the opentable, SHANO downloaded the electronic computer files of JUE LAN, which included menus, marketing materials, photos, and party flyers. These files were in the office of JUE LAN. DARA, SHANO, MILAN, LICUL, MARIO, DENNIS, or GEORGE linked the JUE LAN Instagram account to the SEI LESS account. This in return took all JUE LAN's Instagram

followers and gave them to SEI LESS. On or about the same time, DARA, SHANO, MILAN, LICUL, MARIO, DENNIS, or GEORGE claimed that SEI LESS was an affiliated restaurant with JUE LAN in the media. This gave the impression to all JUE LAN customers that JUE LAN had opened a new establishment called SEI LESS.

31. Upon information and belief DARA, SHANO, MILAN, LICUL, MARIO, DENNIS, or GEORGE on or about 10am on December 22, 2021, logged into OpenTable with the intent of sabotaging, JUE LAN from December 22, 2021, and every day after. Upon information and belief, the defendants reduced, altered, and cancelled reservations of customers of JUE LAN. For example, JUE LAN can hold 300+ reservations, the Defendants reduced the 300+ available reservations to 50, on OpenTable, giving the impression that the restaurant has shrunk. With Defendants simultaneously linking SEI LESS to the JUE LAN OpenTable account as an affiliate JUE LAN would appear to be fully booked and SEI LESS would be available, coercing the clientele of JUE LAN and deceiving the public to go to SEI LESS.

32. Upon Information and belief, Once the Defendants had the clientele list they began a marketing campaign targeting the clientele of JUE LAN.

33. Thus, the Defendants have not only conspired to compete unfairly with deceptive advertising, and infringing JUE LAN's Trademark and trade-Secrets, they have tortiously interfered with business operations of JUE LAN by sabotaging their computer system, at the same time fraudulently inducing JUE LAN clientele to try SEI LESS restaurant.

34. As Plaintiffs have recently discovered, Defendants sought to further their plan of capitalizing on the success of JUE LAN by creating and relying on false advertising and consumer confusion. Defendants, in opening their Manhattan restaurant, and, upon information and belief,

have intentionally created confusion and passed off their restaurant as being affiliated or associated with the JUE LAN restaurant.

35.  As described above and again herein Defendants have used Instagram, and other marketing databases to distribute their false and misleading advertising and promotional materials, including Trademark infringement of JUE LAN's name, claiming to be the "Brains behind Jue Lan" and misleading statements designed to confuse consumers into believing that SEI LESS is affiliated or authorized by JUE LAN.

36.  The JUE LAN restaurant engaged in reasonable steps to protect the trade-secrets and other intellectual property used in operating the JUE LAN restaurant through policies, procedures, training, and other measures designed and intended to protect them under the circumstances. JUE LAN has properly filed its Trademark "JUE LAN" which use in commerce dates back to, January 1, 2016. JUE LAN's trademark is No. 90687697

## CAUSES OF ACTION

### Count I

**False Association/False Designation of Origin, Infringement of Trade Name
And Federal Unfair Competition Under 15 U.S.C. §1125(a)**

37.  Plaintiffs repeat and reallege paragraphs 1 through 36 of this Complaint if set forth at length herein.

38.  Defendants' use of the name "Jue Lan" in the SEI LESS publicly disseminated promotional material and advertising, on the Internet, through social media and otherwise, and including specifically their use of the trade name "Jue Lan" in the phrase "The Brains Behind Jue Lan," together with their theft of the electronic files from JUE LAN, and the linking of SEI LESS to both Instagram and Open Table, use of a strikingly similar menu, and appropriation of all the other distinctive elements associated with the JUE LAN restaurant, constitute a false designation

of origin and/or a false description or representation, and an infringement of JUE LAN's trade name/trade-secrets, which is likely to deceive and mislead consumers, and has actually deceived and misled consumers, into believing that the Defendants' goods and services originate with Plaintiffs, or are otherwise affiliated with, licensed, sanctioned or endorsed by Plaintiffs. The Defendants have a picture of JUE LAN's dining room with their logo over it when printing from the Defendant's website

39. Upon information and belief, newspapers/media have published stories reflecting mistake as to the affiliation of JUE LAN and the defendants with respect to SEI LESS, which was the result of defendants' conduct. This was only done after the Plaintiff contacted said Media to retract their statements.

40. Upon Information and belief, the defendants purposely sabotaged JUE LAN by reducing JUE LAN's reservations and cancelling reservations on December 22, 2021 while simultaneously deceiving the public to book with SEI LESS.

41. Defendants' unlawful actions constitute violations of 15 U.S.C. §1125(a).

42. Plaintiffs have no control over the nature and quality of the services offered by Defendants an any failure, neglect, or default by Defendants in providing their services will and does reflect negatively on Plaintiffs as the believed source or origin thereof, hampering efforts by Plaintiffs to continue to protect their reputation for high quality services, resulting in either a loss of sales, a diminution in Plaintiffs' reputation, and the need for considerable expenditures to promote their services and engage in corrective advertising, all to the irreparable harm of Plaintiffs.

43. Defendants' acts have caused irreparable damage to and, unless enjoined, will continue to rapidly damage Plaintiffs. Plaintiffs have no adequate remedy at law for these wrongs and injuries. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction

restraining and enjoining Defendants and their agents, servants, employees and attorneys and all persons acting in concert with them, from continuing to use JUE LAN in a misleading, confusing, and infringing manner.

44. As a direct and proximate result of Defendants' false association, false designation and unfair competition, Plaintiffs have also incurred substantial and material damages in an amount to be determined at trial but believed to be in excess of $10 million.

## Count II

### Trademark Infringement under 15 U.S.C. § 1114 (1)

45. Plaintiffs repeat and reallege paragraphs 1 through 44 of this Complaint as if set forth at length herein.

46. Plaintiff The Jade Farm LLC owns the trademark for "Jue Lan". JUE LAN has properly filed its Trademark "JUE LAN" which use in commerce dates back to, January 1, 2016. JUE LAN's trademark is No. 90687697.

47. The JADE FARM LLC's trademark is valid and enforceable.

48. Defendants have infringed The JADE Farm's "JUE LAN" trademark in violation of 15 U.S.C. §1114 (1) by using the "JUE LAN" name to promote the SEI LESS restaurant, including on the SEI LESS website, articles, and other promotional materials distributed by Defendants. The files when trying to print on the SEI LESS website, contain the JUE LAN name embedded in them.

49. Defendants' acts have caused irreparable damage to and, unless enjoined, will continue to rapidly damage Plaintiffs. Plaintiffs have no adequate remedy at law for these wrongs and injuries. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants, employees and attorneys and all

persons acting in concert with them, from infringing Plaintiff THE JADE FARM's name and use of materials.

50. Defendants have willfully infringed THE JADE FARM's trademark.

51. Plaintiffs are also entitled to recover damages sustained as a result of Defendants' unlawful conduct, including actual damages, or alternatively at Plaintiffs' election, statutory damages.

## Count III

### False Advertising under 15 U.S.C. §1125(a)

52. Plaintiffs repeat and reallege paragraphs 1 through 50 of the Complaint as if set forth at length herein.

53. Defendants are direct competitors to the JUE LAN restaurant. They share common clientele since defendants stole the clientele list, and a common target audience, particularly given the large number of JUE LAN's customers.

54. Defendants' advertisements and promotions, and their factual representations online, distributed social media, in print media, and in person are false and misleading.

55. Defendants purposely linking of the SEI LESS account to the OpenTable, and Instagram account of JUE LAN.

56. The advertisements and promotions have deceived, or have the capacity to deceive, consumers

57. The deception likely had or likely may have a material effect on purchasing decisions. The JUE LAN trade name and business has been or will be weakened as a result of clients, prospective clients and the public wrongfully interpreting the SEI LESS restaurant as being affiliated with Jue Lan.

58. Defendants' misrepresentations and false advertising affects interstate commerce.

59. Plaintiffs have been and will continue to be injured as a result of Defendants' false advertising.

60. Defendants used and continue to use the commerce false or misleading descriptions of fact, or false and misleading representations of fact, which in commercial advertising or promotion misrepresent the nature, characteristics, qualities, or origin of Defendants' services.

61. Defendants' false advertising has caused or will cause the JUE LAN restaurant to lose clients and prospective clients, and to incur increased promotional costs, as a result of Defendants' false and misleading representations.

62. JUE LAN will continue to suffer irreparable injury unless Defendants are permanently enjoined by this Court.

63. Plaintiff demand an accounting of profits Defendants wrongfully obtained from their false advertising, damages, treble damages, costs and attorney's fees under 15 U.S.C. § 1117, unjust enrichment damages, permanent injunctive relief, and such other relief as the Court may deem just proper

### Count IV

### Dilution of Famous Trademark (15 U.S.C. §1125(c))

64. Plaintiffs incorporate paragraphs 1 through 63 of this Complaint as if fully set forth herein.

65. Plaintiffs' common law trademark and trade name "Jue Lan" is famous and became famous before Defendants began using "Jue Lan" in its promotional material in connection with the SEI LESS restaurant.

66. By the conduct alleged hereinabove, Defendants have caused substantial dilution of Plaintiffs' famous trademark and trade name "Jue Lan" by lessening the capacity of Plaintiff's market name to indemnify and distinguish Plaintiff's restaurants.

67. Unless enjoined by this Court, Defendants will continue their illegal conduct alleged above, which will cause further and more substantial such dilution.

68. Defendants conduct as alleged herein will cause Plaintiffs severe and irreparable harm which they have no adequate remedy at law, in that the full extent of the harm proximately caused by Defendants' conduct will be difficult or impossible to ascertain.

## Count V

### Common Law Tradename Infringement and Unfair Competition

69. Plaintiffs incorporate paragraphs 1 through 68 of this Complaint as if fully set forth herein.

70. Plaintiffs own and enjoy common law rights in connection with the JUE LAN tradename, which rights are superior to any rights which Defendants may claim therein.

71. Defendants' use of the names JUE LAN, linked SEI LESS to JUE LAN on Open table and Instagram, to promote their restaurant services is likely to, and has caused confusion as to source or origin, and consumers are likely to associate Defendants' services with, and as originating from, Plaintiff.

72. Defendants' conduct alleged hereinabove will cause Plaintiffs severe and irreparable harm for which they have no adequate remedy at law, in that the full extent of the harm proximately caused by Defendants' conduct can never be ascertained.

73. Plaintiff will continue to suffer irreparable injury unless Defendants are permanently enjoined by this Court.

74. As a direct and proximate result of Defendants' infringement, and unfair competition, Plaintiff have incurred substantial and material damages in an amount to be determined at trial.

75. Defendants' conduct was wanton, willful, and malicious, so as to justify the imposition of punitive damages.

## Count VI

### Theft of Trade Secrets 18 U.S.C. §1832 and Misappropriation of Trade Secrets under New York Law

76. Plaintiffs incorporate paragraphs 1 through 75 of this Complaint as if fully set forth herein.

77. The OpenTable Clientele list, the Instagram followers, business plans, business strategies, techniques, photos, design of the menu, and other confidential business information of JUE LAN constitutes trade secrets and protected by the common law of New York.

78. The aforementioned trade secrets give Plaintiffs an advantage over their competitors.

79. JUE LAN has acted at all times to reasonably protect from disclosure of these trade secrets, through policies procedures training and other appropriate means.

80. By their actions, Defendants used improper means to acquire the trade secrets of JUE LAN in violation of New York law.

81. Defendants' misappropriation of Plaintiffs' trade secrets is ongoing. Plaintiffs will continue to suffer irreparable injury unless Defendants are permanently enjoined by this Court. As a direct and proximate result of Defendants' misappropriation of trade secrets, Plaintiffs have incurred substantial and material damages in an amount to be determined at trial $5,000,000 or 3

times the value of the stolen trade secret to the organization, including expenses for research and design and other costs of reproducing the trade secret that the organization has thereby avoided

## Count VII

**Breach of fiduciary Duty/Faithless Servants against Defendant DARA MIRAHANGIRY, IVI SHANO**

82. Plaintiffs incorporate by reference paragraphs 1 through 81 of this Complaint as though fully set forth herein.

83. As an employee of JUE LAN who was entrusted with passwords and who had access to company files DARA and SHANO owed Plaintiff fiduciary duties including the duties of good faith, loyalty and candor, duties that DARA and SHANO explicitly acknowledged.

84. Due to DARA and SHANO's deceptive conduct and fraudulent acts described above, DARA and SHANO breached their fiduciary duties to the Plaintiff and was faithless in their performances in their services for Plaintiff.

85. DARA and SHANO have taken these actions intentionally and with malicious disregard for their fiduciary duties owed to Plaintiff.

86. As a Direct and proximate result of DARA and SHANO breach of their fiduciary duties, Plaintiff has suffered and will continue to suffer substantial financial losses.

87. By virtue of the foregoing, DARA and SHANO should be held liable to Plaintiff in an amount to be determined at trial, in addition to interest accrued, including, but not limited to, forfeiture and disgorgement of their rights to all benefits and compensation from the time that they began breaching their fiduciary duties.

88. By reason of the foregoing willful and wanton acts, Dara and Shano should additionally be held liable for punitive damages in the amount to be proven at trial.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial as to all issues so triable.

WHEREFORE, Plaintiff's demand judgment against Defendants as follows:

i.  On Count I, for a preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants, employees and attorneys and all persons acting in concert with them, from operating their SEI LESS restaurant business while they are continuing to use the name "Jue Lan" in their website, promotional materials, advertising, or menus, or otherwise falsely or deceptively indicating that the SEI LESS restaurant is affiliated with or endorsed by Plaintiffs, and for damages in an amount to be proved at trail but believed to be in excess of $10 million;

ii. On Count II, for a preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants, employees and attorneys and all persons acting in concert with them, from infringing and continuing to use unlawfully Plaintiffs' trademark of menu items, and for damages in am amount to be proved at trial;

iii. On Count III, for preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants, employees and attorneys and all persons acting in concert with them, from operating their SEI LESS restaurant while they are continuing to use the name "Jue Lan" in their promotional material and advertising or otherwise giving the false impression that the SEI LESS restaurant

        is affiliated with or endorsed by Plaintiffs, and for damages in an amount to be proved at trial;

iv.     On Count IV, for damages in an amount to be determined at trial;

v.     On Count V, for a preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants, employees and attorneys and all persons acting in concert with them, from operating their SEI LESS restaurant business while they are continuing to use the name "Jue Lan" in their website, promotional materials, advertising, or menus or otherwise falsely or deceptively indicating that the SEI LESS restaurant is affiliated with or endorsed by Plaintiff, and for damages in an amount to be proved at trial Plaintiff demand an accounting of profits Defendants wrongfully obtained from their false advertising, damages, treble damages, costs and attorney's fees under 15 U.S.C. § 1117, unjust enrichment damages, and such other relief as the Court may deem just proper;

vi.     On Count VI, for a preliminary or permanent injunction restraining and enjoying Defendants and their agents, servants, employees and attorneys and all persons acting in concert with them, from operating their SEI LESS restaurant business while they are continuing to use the name "Jue Lan" in their website, promotional materials, advertising, or menus, or otherwise falsely or deceptively indicating that the JUE LAN restaurant is affiliated with or endorsed by Plaintiffs, and for damages in an amount to be proved at trial;

vii.     On Count VII, cause of action for breach of fiduciary duty and under the faithless-servant doctrine, awarding Plaintiff compensatory and punitive damages against DARA MIRAHANGIRY, IVI SHANO in an amount to be determined at trial.

Dated: Jericho, New York
April 14, 2022

ANDREW K. STAULCUP PC

By: _____
Andrew K. Staulcup, Esq.

390 North Broadway, 3rd Floor
Jericho, New York
(631) 434-1900
*Attorneys for Plaintiff*
THE JADE FARM LLC
