UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE JADE FARM LLC,

        Plaintiff,

-against-

DARA MIRAHANGIRY, et al.,

        Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/22/2022
```

22-CV-3128 (VEC) (BCM)

**ORDER SCHEDULING CONFERENCE AND GRANTING SEALING MOTION**

**BARBARA MOSES, United States Magistrate Judge.**

    Plaintiff, which operates a "high end" restaurant known as Jue Lan Club, accuses defendants (including two former Jue Lan Club employees) of misappropriating plaintiff's clientele list and other trade secrets, and engaging in related misconduct, in order to promote their competing restaurant, known as Sei Less. By Order dated October 25, 2022 (Oct. 25 Order) (Dkt. 37), I ordered defendants to produce "[a]ll compilations or collections of contact information (including but not limited to names, street addresses, email addresses, phone numbers, and social media handles or other account information) used by defendants from November 2021 through March 2022 to communicate marketing or promotional material to patrons or potential patrons of Sei Less." Oct. 25 Order ¶ 3. On November 17, 2022, plaintiff filed a letter-motion seeking an order compelling defendants to comply with the October 25 Order and for sanctions. (Dkt. 43.) Plaintiff attached six exhibits, three of which (Exhibits D, E, and F) were filed in redacted form because they contain the names and email addresses of patrons or potential patrons of Jue Lan Club and/or Sei Less.

    The next day, plaintiff filed a letter-motion to seal the unredacted versions of Exhibits D, E, and F. (Dkt. 44.) However, rather than file the unredacted versions under seal pending a sealing ruling, *see* Moses Ind. Prac. § 3(c)-(d); S.D.N.Y. ECF Rules & Instrs. § 6, plaintiff filed

them – presumably inadvertently – in public view. Upon noticing the mistake, the Court placed the unredacted exhibits under temporary seal.

On November 21, 2022, defendants filed a letter-brief (Def. Ltr.) (Dkt. 45) acknowledging that they did not disclose the marketing list used by defendant Dream Hospitality Group LLC (Dream) to promote Sei Less's events, and arguing that they should not be required to do so because that list is itself a trade secret, which plaintiff could misuse. Def. Ltr. at 1-2. However, defendants did not make that argument prior to the issuance of the October 25 Order; did not seek reconsideration of the October 25 Order within the 14-day window provided by Local Civil Rule 6.3; and do not identify any other matter or decision that this Court overlooked when it ordered defendants to produce "all" contact lists used by any of them "to communicate marketing or promotional material to patrons or potential patrons of Sei Less."

Defendants also complain that plaintiff has not produced various documents requested in discovery. Def. Ltr. at 2-3. However, defendants do not appear to seek affirmative discovery relief, and in any event have not complied with Moses Ind. Prac. § 2(b). Instead, defendants ask the Court to "deny Plaintiff's request for a conference and deny its request for sanctions." *Id*. at 3.

Defendants do not oppose plaintiff's sealing request.

It is hereby ORDERED that plaintiff's November 17, 2022 letter-motion (Dkt. 43) is GRANTED to the extent that the Court will conduct a discovery conference on **November 29, 2022, at 11:00 a.m.**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse. Plaintiff's optional reply letter-brief is due **November 28, 2022**. It is Judge Moses's practice to decide discovery disputes at the conference, unless the Court determines that formal briefing is required.

It is further ORDERED that plaintiff's sealing motion (Dkt. 44) is GRANTED. Exhibits D, E, and F thereto (Dkts. 44-1, 44-2, and 44-3) shall remain under seal.

Dated: New York, New York
       November 22, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**