UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE JADE FARM LLC,

        Plaintiff,

-against-

DARA MIRAHANGIRY, et al.,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/29/2022

22-CV-3128 (VEC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    For the reasons discussed during today's discovery conference, it is hereby ORDERED that, as required by paragraph 3 of this Court's Order dated October 25, 2022 (Dkt. 37), defendants Mario Constantini and Dream Hospitality Group LLC (Dream) shall promptly produce **all** lists, databases, compilations, or collections of contact information used to send "the two email blasts that were sent on behalf of Sei Less" (Dkt. 45 at 1), referred to by plaintiff as the "Grand Opening flyer" and the "valentines day flyer" (Dkt. 43 at 2 & Exs. B, C), **including** any email list, or portion thereof, compiled by Dream independently of its work for the parties, to the extent that list or portion was used to send one or both of the "email blasts" at issue.

    Defendants suggest that the required list is in the physical (or electronic) custody of Dream's non-party service provider, Mailchimp, but nonetheless insist that it was created by and is proprietary to Dream (Dkt. 45 at 1-2), and have presented no evidence indicating that Constantini and Dream cannot obtain it from Mailchimp on request. The list is therefore within these defendants' "possession, custody, or control" as that term is used in Fed. R. Civ. P. 34(a)(1). *See Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007) ("if a party has access and the practical ability to possess documents not available to the party seeking them, production may be required"); *Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper Co., Ltd.*, 233 F.R.D. 338, 341 (S.D.N.Y. 2005) ("If the party from whom production is sought does not

actually have the document in hand, courts look to see whether the party has control of it, construing the word 'control' broadly."); *In re NTL, Inc. Sec. Litig.*, 244 F.R.D. 179, 195 (S.D.N.Y. 2007) (quoting *Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 146-47 (S.D.N.Y. 1997)) ("[D]ocuments are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action."); *Riddell Sports Inc. v. Brooks*, 158 F.R.D. 555, 559 (S.D.N.Y. 1994) ("If the producing party has the legal right or the practical ability to obtain the documents, then it is deemed to have 'control,' even if the documents are actually in the possession of a non-party.").

It is further ORDERED that, in order to protect any proprietary interest of Dream in the contents of the email list, or in any portion of its contents that may have been compiled by Dream independently of its work for the parties, that content or portion may be designated "Confidential-AEO" when produced, by stamping or affixing that legend on each page. Once so designated, the list shall be maintained in confidence by plaintiff's counsel of record and, absent a further stipulation of the parties or leave of the Court, may not be further disclosed **except** to (i) counsel's staff assigned to work on this action; (ii) any experts retained by plaintiff's counsel in this action; and (iii) the Court (under provisional seal and accompanied by a sealing application). It shall be counsel's responsibility to ensure that his staff, and any experts retained in this action, are apprised of and comply with this Order and do not further disseminate the "Confidential-AEO" documents or data.

It is further ORDERED that, in accordance with Fed. R. Civ. P. 37(b)(2)(C), defendants shall pay the reasonable expenses, including attorneys' fees, incurred by plaintiff in obtaining this Order; that is, incurred in filing and litigating its letter-motion dated November 17, 2022 (Dkt. 43). No later than **December 13, 2022**, plaintiff shall either:

(i) File its fee application, including properly authenticated contemporaneous time records reflecting compensable attorney and other professional tasks, properly authenticated documentation of all other compensable expenses, and admissible evidence regarding the reasonable rates actually charged to and paid (or owed) by plaintiff; or

(ii) Submit a letter advising the Court that the parties have resolved the fee portion of this Order.

The Clerk of Court is respectfully directed to close the motions at Dkts. 29, 30, 32 and 35, all of which were resolved by the Order at Dkt. 37.

Dated: New York, New York
November 29, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**