**ANDREW K STAULCUP PC.**
390 N BROADWAY 3RD FL
JERICHO, NY 11753

(631) 434-1900

Facsimile (631) 486-5067

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/15/2023

**MEMO ENDORSED**

Hon. Barbara Moses
United States Magistrate Judge
U. S. District Court for the Southern District of New York 500 Pearl St., New York, NY 10007

**Re:** *The JADE FARM LLC v DARA MIRAHANGIRY, et al.*, Case No. 22-cv-03128– Letter Seeking a Pre-Motion Conference for Proposed Discovery Motion

Dear Judge Moses:

We represent the Plaintiff in the above referenced matter. We write pursuant to Local Rule 37.2 and your Honor's Individual Rule 2(b) to request a conference regarding the Defendants willful disregard to fully comply with your Honor's October 25, 2022 order, and the ESI order requiring defendants to produce all electronic information under key word searches. The Defendants are in clear violation of Rule 37. The Plaintiff request for an order compelling the Defendants to produce their electronic Devices for physical inspection under Rule 34, additional depositions after the ESI search, and Depositions concerning the text message exchanged on February 15, 2023. Furthermore Plaintiff seeks costs, sanctions and the striking of Defendants' pleadings. Lastly, upon discovery of this new evidence produced by the Defendants, in violation of numerous Court orders, Plaintiff is now requesting additional time for fact discovery.

### Background

This is an action for injunctive relief and damages by the owners and operators of a high-end restaurant located on 49 W 20th Street in New York City offering Asian fusion/Chinese cuisine in a refined atmosphere called JUE LAN CLUB (the "JUE LAN" restaurant). Two of the Defendants are former employees of the Plaintiff. All of the Defendants are engaged in operating and promoting a competing restaurant 156 W 38th Street New York City, through theft of trade secrets (Jue Lan's Clientele Lists), deceptive and confusing means (Claiming Jue Lan to be an affiliated restaurant on Open Table, etc), constituting unfair competition in violation of the Lanham Act and common-law, infringement of JUE LAN's proprietary rights, false advertising, misappropriation of trade secrets, purposely sabotaging JUE LAN computer and reservation system (Open Table), violating fiduciary duties owed to JUE LAN, and violation of the Faithless Servant Act.

Defendants have consistently, prohibited discovery in this matter. Defendants, have been sanctioned previously for not complying with a Court Order. It has now been brought to the attention, of the Plaintiff that Defendants have been and continue to withhold vital information, by both their Attorney Rodney Austin and by the Defendants.

On December 15, 2022, Mario Costantini was Deposed. At said deposition, Mario Costantini testified that he had an email form Open Table. This email was an email that linked Jue Lan and Sei Less, in the back of the OpenTable system (Exhibit A). This email was not disclosed or exchanged prior to the deposition. This email was required to be exchanged under the ESI and under Rule 26 discovery. Defense counsel claimed that he had previously sent the

email but was proven to not have. On February 15, 2023 Defense counsel after receiving an email, from plaintiff's counsel that the Defendants are not in compliance with the ESI has now produced two additional Text messages (Exhibit B). These text messages are the most damaging documents against the defendants to date. The Text message celebrates the theft of the Opentable list of the Plaintiff, on December 24, 2021. Clearly the defendants are purposely withholding documents as they relate to the ESI search and discovery. It is clear that the defendants are trying to hinder and have hindered discovery. At the last Court Conference it was raised that the defendants are purposely withholding evidence. Both Mario Costantini and George Karavias, are on the text message, disclosed on February 15, 2023. Neither of them produced this text message timely. The other text is with Ivi Shano and unknown individual, claiming to have the contact list.

Defendants have a history of either misrepresenting discovery in their possession or failing to provide. As previously stated in the last motion for discovery, the Defendants have not been forthright when it comes to discovery. As a result, the Court ordered the production as stated above.

Plaintiff and Defense Counsel met and conferred on February 15, 2023 wherein Plaintiff requested among other things, additional depositions of all defendants, and for the Defendants to produce all of their electronic devices for inspection. Defense counsel responded with "go get a Court Order"

## Discovery Deficiencies

The Defendants' have failed to truthfully respond to discovery demands ordered by the Court. The Defendants are clearly the party in control of the information. Since the ESI search is being done on the Defendants electronic devices. Plaintiff is at the mercy of the Defendants to truthfully and honestly produce documents which clearly they cannot be trusted to produce.

Rule 34 permits for the physical inspection of electronic devices. *See Satmodo v. Whenever Communications, LLC*, No. 3:17-cv-192-AJB-NLS, 2018 WL 3495832 (S.D. Cal. July 20, 2018). *Satmodo* is a case between two competitors who sold satellite telephones. Satmodo alleged that Whenever Communications ("Whenever") engaged in a scheme designed to remove Satmodo's paid advertising from appearing in Internet searches. A number of discovery disputes arose between the parties, including a Motion to Compel by Satmodo to inspect and image Whenever's computers, phones, tablets and other electronic devices. Whenever argued that the requests were overly broad and intrusive.

The court determined that consideration of all relevant factors weighed in favor of allowing Satmodo to inspect Whenever's devices. Specifically, the court concluded:

Defendants have sole and exclusive access to devices and control over the information they share; inspection of the devices could resolve the issues of the case; and the Court finds that any burden and expense associated with the discovery is proportionate to the needs of the case, will be borne primarily by the Plaintiff, and will be important to the resolution of the issues. For example, inspection of the devices could reveal evidence of the click-fraud that Plaintiff alleges; or that there is no evidence of click-fraud and Plaintiff is on a proverbial goose-chase; or, possibly, that the devices have been modified/wiped. Each of these outcomes has importance to the continuation and resolution of this case.

Our case is identical. The defendants have purposely withheld discovery. They continue to withhold discovery whether it be their attorney or the defendants themselves.

### Sanctions

Rule 37(b)(2) of the Federal Rules of Civil Procedure governs the sanctions that a court may impose sanctions for failure to comply with an order to provide discovery.  The Rule provides, in pertinent part:

"If a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ...(C) An order ... dismissing the action or proceeding or any part thereof... Fed. R. Civ. P. 37(b)(2)(C)."

A party may move to compel under Rule 37(d) for failure to respond to interrogatories and document requests.  Fed. R. Civ. P. 37(d).  If the motion is granted, a court may impose the sanctions available under Rule 37(b)(2).  Fed. R. Civ. P. 37(d). In addition, a party may challenge an opponent's failure to provide automatic disclosures or to answer specific discovery requests in a motion under Rule 37(a)(2)(A) and seek sanctions enumerated under Rule 37(a)(4). Fed. R. Civ. P. 37(a)

Sanctions are appropriate here in order to deter Defendant and other litigants from disobeying court orders and ignoring valid discovery requests. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778, 2781 (1976) (sanctions are necessary to deter "other parties to other lawsuits" from flouting "other discovery orders of other district courts"); Sieck v. Russo, 869 F.2d 131, 134 (2d Cir. 1989); see Fed. R. Civ. P. 37(b)(2) (permitting a court to impose sanctions if a party "fails to obey an order to provide or permit discovery").

For the foregoing reasons, we respectfully request the Defendant's Pleading be stricken, Defendants be ordered to produce all electronic devices for an ESI search, Defendants be Sanctioned, additional discovery time based on this new evidence. We also seek costs associated with this letter motion and discovery motion.

Dated: Jericho, New York
February 15, 2023

ANDREW K STAULCUP PC

By: _____/s/_____
Andrew K. Staulcup, Esq.
Attorneys for Defendants
390 N. Broadway, Suite 300
Jericho, New York 11753
(631) 434-1900

---

Defendants shall respond to plaintiffs' letter-motion no later than **February 21, 2023**. *See* Moses Ind. Prac. § 2(e).  Plaintiff shall reply no later than **February 23, 2023**.  *Id.*  SO ORDERED.

Barbara Moses
United States Magistrate Judge
February 15, 2023