```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/02/2023

THE JADE FARM LLC,

        Plaintiff,

-against-

DARA MIRAHANGIRY, et al.,

        Defendants.

22-CV-3128 (VEC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed during today's discovery conference, it is hereby ORDERED that:

1. Defendants' motion for discovery sanctions (Dkt. 76) is DENIED.

2. Plaintiff's motion for discovery sanctions (Dkt. 71) is GRANTED IN PART, to the extent set forth below.

   a. Counsel shall promptly meet and confer in good faith to select a neutral forensic technical expert (the Expert) to search defendants' electronically stored information (ESI) in accordance with this Order. If the parties cannot come to an agreement on an Expert, they shall *promptly* (no later than March 9, 2023) submit a joint letter, in which each party identifies up to three potential experts, together with their qualifications and the estimated cost of engaging them.

   b. The Expert shall be engaged pursuant to a written engagement agreement, to be negotiated in good faith among counsel and the Expert, that adequately protects defendants' confidential and/or personal information, as well as any privileged communications, against improper disclosure or misuse.

   c. Once the Expert is engaged, individual defendants Dara Mirihangiry, Ivi Shano, Mario Constantini, and George Karavias (the Individual Defendants) shall promptly turn over to the Expert (i) all devices (*e.g.*, cellphones, iPads, laptops, desktops) used by them to conduct business for 200 MB Corp. d/b/a Sei Less and/or Dream Hospitality Group LLC (the Corporate Defendants),[1] and (ii) all account credentials (*e.g.*, usernames and passwords) necessary to access the email, messaging, and social media accounts used by them to conduct business for the Corporate Defendants. The Individual Defendants shall not delete or alter the contents of their relevant devices and accounts prior to turning them over to the Expert.

---

[1] So as not to unduly inconvenience defendants, the Expert shall, if feasible, image the devices' hard drives and promptly return the devices themselves to their owners.

      d.      The Expert shall search the devices and accounts using the search term "Jue Lan" and any other search terms agreed to by counsel after meeting and conferring in good faith as to such terms.

      e.      The Expert's ESI search shall cover the time period of September 1, 2021 through the present.

      f.      Production of responsive documents and data shall be made in accordance with the parties' ESI Protocol (Dkt. 42) or such other protocol as they shall agree upon for this purpose.

      g.      Pending further order of the Court, plaintiff and defendants shall share the costs of the Expert on a 50/50 basis.

      h.      Once the ESI searches are complete and responsive documents are produced, plaintiff may reopen the depositions of the Individual Defendants for a maximum of three hours for each. If, as a result of the ESI search, a different allocation of time appears to be appropriate, the parties may so agree among themselves, or (if they cannot agree) may make an application to the Court.

3. The deadline to complete fact discovery is EXTENDED to **June 2, 2023**, for the limited purposes of conducting the discovery set forth above.

4. The Court will hold a status conference on **May 17, 2023, at 10:00 a.m.**, in Courtroom 20A of the Daniel Patrick Moynihan Courthouse. No later than **May 10, 2023**, the parties shall file a joint status letter updating the Court on the progress of the discovery set forth above.

5. The Court defers decision on plaintiff's request for fees and costs pursuant to Rule 37(b)(2)(C) until the discovery authorized by this Order is complete.

Dated: New York, New York  
       March 2, 2023

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**