UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE JADE FARM LLC,

        Plaintiff,

-against-

DARA MIRAHANGIRY, et al.,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/27/2023

22-CV-3128 (VEC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

      The Court has received and reviewed plaintiff's letter-application dated March 27, 2023, "to permit the service of Rule 45 Subpoenas, and to reopen discovery against the Defendants for their disregard for Federal Rules, blatantly lying on response to discovery demands," and requesting a conference "regarding the Defendants willful disregard to comply with the Federal Rules of Civil Procedure." Pl. Ltr. (Dkt. 85) at 1 (grammar and punctuation as in the original). The application is DENIED without prejudice to refiling in compliance with (a) my Individual Practices, and (b) standard English rules of grammar and punctuation. Should plaintiff refile:

      1.    It must "[s]uccinctly set forth . . . the relief sought." *See* Moses Ind. Prac. § 2(b). On page 1 of its letter-application, plaintiff advises that it wishes to serve four Rule 45 subpoenas, but on page 2 it states that it "does not want to be confined to just these four individuals." Nowhere in the letter-application, moreover, does plaintiff indicate how long it will require to complete fact discovery if the Court reopens the period for doing so. Plaintiff should advise the Court exactly what additional fact discovery it proposes, the period of time within which it proposes to conduct that discovery, and the effect of any delay on the schedule for expert discovery and dispositive motions.

      2.    As to each of the four individuals listed on page 1 (and any other individual plaintiff seeks to depose), plaintiff must disclose *when* it first determined that he or she was a

potential witness in this case, *how* it first learned about that individual's identity and role, and *why* it did not seek that individual's deposition earlier. Plaintiff is reminded that while a party's failure to disclose a potential witness when required pursuant to Rule 26(a)(1)(i) or Rule 33 may be sanctionable (including by means of an appropriate preclusion order), the opposing party is nonetheless required to move promptly to secure the witness's testimony upon learning, from *any* source, the facts underlying its deposition request.

3. Plaintiff must attach the relevant discovery requests and responses to its letter-application. Ordinarily, it is sufficient to reproduce the requests and responses *verbatim* in the body of the letter. *See* Moses Ind. Prac. § 2(b). In this case, however, the Court is not confident that the requests and responses have been accurately reproduced and, in any event, requires evidence concerning the dates on which the requests and responses were served. If any of the contested responses have been supplemented, formally or informally (for example, by letter or email to counsel), the supplemental responses must also be attached.

4. Plaintiff asserts that the quoted discovery responses are "complete lies," Pl. Ltr. at ECF p. 3, but does not substantiate that claim. If, for example, plaintiff contends that defendants possess "forwarded and/or received emails from dara@juelanclub.com," plaintiff should support that contention with an example of such a forwarded and/or received email in defendant's possession, custody, or control, or other evidence showing that the response was untruthful.

5. Plaintiff seeks leave to "File Rule 11 Sanctions against Rodney Austin the signer of the response to discovery and the defendants." Pl. Ltr. at ECF p. 4. However, Rule 11 "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d). If plaintiff seeks discovery sanctions under some other

provision of the Federal Rules of Civil Procedure, it shall identify both the applicable provision and the nature of the sanctions sought.

6.   Plaintiff shall proof-read any future letter-application before filing it. Attention to subject-verb agreement,[1] proper formation and usage of possessive nouns and pronouns,[2] standardized capitalization,[3] and utilization of conventional punctuation and conjunctions[4] would be particularly appreciated. Documents longer than one page should also include page numbers.

Dated: New York, New York
       March 27, 2023                    SO ORDERED.

_____
BARBARA MOSES
United States Magistrate Judge

---

[1] *See*, *e.g.*, Pl. Ltr. at 1 ("Plaintiff request a conference . . . ").

[2] *See*, *e.g.*, Pl. Ltr. at 1 (". . . regarding the Defendants willful disregard to comply with the Federal Rules of Civil Procedure.")

[3] *See*, *e.g.*, Pl. Ltr. at 1 ("Since the discovery of this information Plaintiff has re-examined Defendant response to Discovery Demands").

[4] *See*, *e.g.*, Pl. Ltr. at 1 ("We write pursuant to Local Rule 37.2 your Honor's Individual Rule 2(b), FRCP 16(b) to permit the service of Rule 45 Subpoenas, and to reopen discovery against the Defendants for their disregard for Federal Rules, blatantly lying on response to discovery demands.").